**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


JEROME SCOTT,

      **Plaintiff,**

v.                                                    Civil Action No. 1:18-cv-61
                                                                    (Kleeh)

UNITED STATES OF AMERICA,

      **Defendant.**


**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

---

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi ("Magistrate Judge") [Dkt. No. 102], and Plaintiff's objection thereto [Dkt. No. 103]. The R&R recommends that the Court grant the Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Dkt. No. 77]. It also recommends that the Court dismiss the Plaintiff's Complaint [Dkt. No. 1] with prejudice. For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R.

## I.    BACKGROUND

On March 23, 2018, pro se Plaintiff, Jerome Scott ("Plaintiff"), a former inmate incarcerated at FCI Hazleton in Bruceton Mills, West Virginia, filed a Complaint pursuant to the

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

Federal Tort Claims Act ("FTCA") [Dkt. No. 1]. The Complaint challenges the Bureau of Prison's ("BOP") search of Plaintiff's person after he was found to be in possession of a prison-made weapon Id. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to the Magistrate Judge for initial screening and a report and recommendation. A full procedural history is set forth in the R&R [Dkt. No. 102].

On April 3, 2019, Defendant filed a Motion to Dismiss for Failure to State a Claim, or in the alternative, Motion for Summary Judgment [Dkt. No. 77]. On April 8, 2019, Plaintiff filed a "Motion for Default of Judgment" [Dkt. No. 79]. That same day, the Magistrate Judge issued an Order denying Plaintiff's Motion for Entry of Default or Default Judgment [Dkt. No. 84]. On April 8, 2019, a Roseboro Notice was issued to pro se Plaintiff, advising him of his right to respond to Defendant's Motion [Dkt. No. 86]. On April 22, 2019, Plaintiff filed a Response in Opposition to Defendant's Motion [Dkt. No. 89].

On January 22, 2020, the Magistrate Judge's R&R [Dkt. No. 102] recommended that the Defendant's *Motion to Dismiss or Motion for Summary Judgment* [Dkt. No. 77] be granted. The R&R recommends that Plaintiff's FTCA claim be dismissed with prejudice pursuant

SCOTT V. UNITED STATES                    CIV. ACT. NO. 1:18CV61

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted [Dkt. No. 77, at 24].

## II.  <u>DISCUSSION</u>

When reviewing a R&R, the Court must review <u>de</u> <u>novo</u> only the portions to which a specific objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." <u>Dellarcirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S.Ct. 3032 (2007).  The court explained that "[t]o conclude otherwise would defeat the purpose of requiring objections.  We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report." Id.  This would

3

SCOTT V. UNITED STATES                          CIV. ACT. NO. 1:18CV61

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

result in wasted judicial resources and "the district court's effectiveness based on help from magistrate judges would be undermined." Id.

"General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BMX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple []he seeks." Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D. Va. 2008).

On February 7, 2020, in response to the Magistrate Judge's R&R, Plaintiff filed a variety of generalized "objections" [Dkt. No. 103], which incorporate recitations of fact and law outlined in his Complaint [Dkt. No. 1] and Reply to the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Dkt. No. 89]. Because the objections lack specificity to the R&R, the Court reviews the R&R for clear error. Diamond, 416 F.3d at 315.

Moreover, to the extent that any specific objections are deemed to have been raised, the Court likewise considers those objections, but ultimately finds that they fail to overcome the

Magistrate Judge's R&R.  After an analysis of the circumstances presented and the applicable law, the Magistrate Judge found that Plaintiff's claim is not barred by the 28 U.S.C. § 2401(b)'s statute of limitations, and this Court has subject matter jurisdiction over the claims raised [Dkt. No. 102, at 14].  While Plaintiff must exhaust all administrative remedies, here, the Magistrate Judge found that **"[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial** of the claim for purposes of this section." 28 U.S.C. § 2675(a) (emphasis added).  Accordingly, Plaintiff has the right at "any time of his own to deem such a failure to be a final agency denial."  Boyd v. United States, 482 F. Supp. 1126, 1129 (W.D. Pa. 1980) (citing Mack v. United States Postal Service, 414 F. Supp. 504 (E.D. Mich. 1976)).

Here, Plaintiff's FTCA claims can readily be characterized as claims for (1) deliberate indifference and (2) intentional infliction of emotional distress ("IIED"), in addition to his medical negligence claim.  In the R&R, however, the Magistrate Judge found that Plaintiff's deliberate indifference claim should be analyzed as a negligence claim [Dkt. No. 102, at 15] because deliberate indifference claims are not cognizable under the FTCA.

5

SCOTT V. UNITED STATES                                    CIV. ACT. NO. 1:18CV61

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT.
NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING
PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

See Royster v. United States, 2008 U.S. Dist. LEXIS 106634 *13
(W.D. Pa. December 1, 2008).  The Court agrees with this
conclusion.  For the subsequent reasons, the Court **ADOPTS** the
Magistrate Judge's R&R.

### A. Plaintiff's Negligence Claim

Even as a negligence claim, however, the R&R finds that the
Plaintiff cannot satisfy the elements to prove negligence under
the FTCA.  In West Virginia, plaintiffs must establish three
elements in a negligence suit: (1) a duty that the defendant owes
to the plaintiff, (2) a negligent breach of that duty, and (3)
injuries received as a proximate result from that breach.  Webb v.
Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939).
The plaintiff must prove these elements by a preponderance of the
evidence.  Id. at 899.  Pursuant to the FTCA, the BOP owes prisoners
a duty of care that specifically requires the BOP to provide for
the safekeeping, care, subsistence, and protection of all
prisoners.  See 18 U.S.C. § 4042; Muniz, 374 U.S. 150 (1963).
Under West Virginia law, the duty of care that the BOP owes to
inmates is one of "reasonable care."  See McNeal v. United States,
979 F. Supp. 431 (N.D. W.Va. 1997).

As a negligence claim, the Magistrate Judge finds that the
Plaintiff provides "only a portion of the events, does not explain

SCOTT V. UNITED STATES                    CIV. ACT. NO. 1:18CV61

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

how and why he came to be 'dry celled' in the first place, and never mentions that he attempted to assault BOP staff, leading to the use of force" [Dkt. No. 102, at 17]. The Magistrate Judge also notes that the Plaintiff's claims of physical injuries or permanent injuries "lack any support in the record" [Id.]. To the contrary, records indicate that medical staff provided him with medical treatment on or around the time this alleged assault occurred [Id. at 17-18]. The Magistrate Judge notes that despite the Plaintiff's claim in his Complaint that he was so afraid "for his life" that he did not report the assault, the record contradictorily shows that he did report the incident less than two months later, on July 22, 2017, while at USP Hazelton [Id.].

At bottom, the Magistrate Judge finds that the Plaintiff has failed to produce any evidence of a breach of duty on the part of the Respondent, or any evidence of damages, beyond his own assertions, which are contradicted by the record [Dkt. No. 102, at 20]. Accordingly, the Magistrate Judge recommends that Plaintiff's negligence claim cannot survive summary judgment. The Court has reviewed the R&R's finding on negligence in its entirety, and finds it thorough, well-reasoned, and without error.

SCOTT V. UNITED STATES                    CIV. ACT. NO. 1:18CV61

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

## B. Plaintiff's IIED Claim

The Magistrate Judge notes that the FTCA's waiver of sovereign immunity is subject to several requirements and limitations [Dkt. No. 102, at 21]. 28 U.S.C. § 1346(b)(2) provides that

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injuries suffered while in custody without a prior showing of physical injury.

Further, § 803(d) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997(e)(2), also predicates a prisoner's claim for mental or emotional injuries suffered while in custody on a showing of an accompanying physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury.").

Simply put, under West Virginia law, the Plaintiff cannot produce *any* evidence that his IIED claim can survive summary judgment. Travis v. Alcon Labs., Inc., 504 S.E.2d 419, 425 (W. Va. 1998). The burden on the plaintiff to prevail on an IIED claim is extremely high. See Pegg v. Herrnberger, 845 F.3d 112, 122 (4th Cir. 2017). With only mere assertions and no evidence to

8

SCOTT V. UNITED STATES                    CIV. ACT. NO. 1:18CV61

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

back them up, the Magistrate Judge finds that summary judgment should be granted with respect to this claim [Dkt. No. 102, at 22].  Finding no clear error in the Magistrate Judge's well-reasoned analysis, the undersigned agrees that summary judgment is appropriate for Plaintiff's IIED claim.

## C. Plaintiff's Medical Negligence Claim

Finally, the Magistrate Judge considers Plaintiff's medical negligence claim [Dkt. No. 102, at 23] under West Virginia Code Section 55-7B-3. See also Banfi v. American Hosp. for Rehabilitation, 529 S.E.2d 600, 605-606 (W. Va. 2000).  However, because compliance with West Virginia Code Section 55-7B-6 (obtaining a screening certificate of merit) is mandatory prior to filing a suit in federal court, Stanley v. United States, 321 F.Supp. 2d 805, 806-807 (N.D. W.Va. 2004), the Magistrate Judge finds that the Plaintiff's medical negligence claim[1] cannot survive summary judgment [Dkt. No. 102, at 23].  Accordingly, the Magistrate Judge finds that the Plaintiff's medical negligence claim should be dismissed [Id.].  Finding no clear error in this recommendation, the Court agrees with the R&R's finding.

---

[1] The Magistrate Judge also finds that this is not a case of alleged malpractice so obvious that it entitles Plaintiff to the common knowledge exception of W. Va. Code § 55-7B6(c).  The Court agrees with this finding.

SCOTT V. UNITED STATES                    CIV. ACT. NO. 1:18CV61

ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT.
NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING
PLAINTIFF'S COMPLAINT [DKT. NO. 1]

However, the Court likewise finds that Plaintiff's medical negligence claim should be dismissed without prejudice. Because the Plaintiff failed to comply with West Virginia's statutory requirements, dismissal of the negligence claim without prejudice is warranted. See Davis v. Mount View Health Care, 640 S.E.2d 91 (W. Va. 2006) (dismissal without prejudice warranted where Plaintiff failed to comply with MPLA pre-filing requirements). Accordingly, the Court dismisses without prejudice Plaintiff's medical negligence claim.

### III. CONCLUSION

While the Plaintiff made only general objections to the R&R, the Court is not obligated to provide a review of the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 150 (1985). Accordingly, the Court is under no obligation to conduct a de novo review. Therefore, upon careful review and analysis of all the issues relevant to this case,[2] the Court hereby:

---

[2] Although not raised in the R&R, the Court would advise the parties of the following. Throughout the Plaintiff's pleadings and responses, he raises alleged constitutional violations that occurred during this incident akin to the "8, 4 and 14 amendment." [Dkt. No. 7-1, at 1]. However, the FTCA does not permit a plaintiff to bring forth "constitutional claims." FDIC v. Meyer, 510 U.S. 471 (1994) (constitutional torts are not cognizable under the FTCA); see also 28 U.S.C. § 2676. As the Fourth Circuit recognizes, the utilization of the FTCA rather than a Bivens action is a calculated risk:

1) **ADOPTS** the R&R [Dkt. No. 102];

2) **GRANTS** the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Dkt. No. 77];

3) **DISMISSES WITH PREJUDICE** all of Plaintiff's claims [Dkt. No. 1] related to negligence and IIED;

4) **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining medical negligence claim [Dkt. No. 1];

5) **OVERRULES** the response and objection filed by pro se Plaintiff [Dkt. No. 103]; and

6) **ORDERS** this matter stricken from the Court's docket.

It is so **ORDERED.**

---

In pursuing an intentional tort claim against a federal law enforcement officer, a prospective plaintiff may pursue two alternative avenues of relief. She may either pursue a constitutional claim against the officer directly under the Constitution, as recognized in Bivens, or she may file a tort claim under the FTCA. Should a plaintiff pursue the latter course, she runs the risk that her constitutional claim will be subject to the FTCA's "judgment bar" provision . . .

Unus v. Kane, 565 F.3d 103, 122 (4th Cir. 2009).

**ORDER ADOPTING REPORT AND RECCOMENDATION [DKT. NO. 102], GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 103], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se Petitioner, certified mail, return receipt requested.

**DATED**: March 30, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE